THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO OTERO SOTO, Defendant and Appellant.

No. 9468.—Argued November 3, 1942.—Decided November 9, 1942.

*Víctor Rivera Colón* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Appellant was accused of a violation of §7 of Act No. 14 of July 8, 1936 (Spec. Sess. Laws, p. 128), as amended by

Act No. 95 of 1937 (Laws of 1936–37, p. 231), in that he "illegally, voluntarily, maliciously and criminally owned and was carrying upon his person a firearm without having registered the same in. writing with the Chief of the Insular Police of Morovis, which is the district where the accused resides."

The only error assigned to the lower court is that it failed to hold that the information is insufficient, for the reason that it does not expressly allege "the residence of the accused at the precise moment in which the crime was supposed to have been committed." This same issue was raised and decided against the appellant in *People* v. *Olmo*, 56 P.R.R. 384 and *People* v. *Pérez*, 59 P.R.R. 451 and 59 P.R.R. 562. For the same reasons which we stated in said cases, we must disregard the issue in the instant case.

Section 10 of Act No. 14 of 1936 provided that the violation of its provisions would be punished by imprisonment for not less than six months nor more than two years. The accused in this case was sentenced to six months in jail, which was the minimum penalty that the judge of the lower court could impose upon him according to the provisions of the law in force at the time of the judgment, that is, on March 13, 1941.

Subsequent to the date of the judgment appealed from, §10 of Act No. 14 of 1936 was amended by Act No. 78 of May 5, 1942 (Laws of 1942, p. 614), in the sense that the first breach will be punished by a fine of not less than fifty dollars ($50) or imprisonment for not less than one month nor more than six months or both, at the discretion of the court. The minimum penalty under the Act of 1936 has been converted into the maximum penalty under the amendatory Act of 1942.

We are asked to modify the judgment appealed from in the exercise of our discretion so as to give appellant the benefit of the amendment and so as to impose upon him the min-

imum penalty authorized by the lay now in force. The *Fiscal* does not object.

It can not be doubted that the penalty of six months' imprisonment for the breach which is imputed to the accused is authorized by the original statute and by the 1942 amendment. However, taking into consideration that the judge of the lower court could have sentenced the accused to jail for a period of two years but that he imposed upon him only the minimum penalty provided by the statute then in force; and likewise taking into consideration that the Legislature, undoubtedly believing that the minimum penalty of six months imprisonment fixed by the Act of 1936 was excessive, reduced it to one month, we are of the opinion that under the circumstances of this case we are justified in giving the accused the benefit of the amendatory statute.

For the reasons stated, the judgment should be modified in the sense of reducing to one month the term of imprisonment which the appellant must serve; and as thus modified, the judgment will be affirmed.